# NATIONAL LIFE & ACCIDENT INS. CO. v. LEWIS et al.

## No. 8070.

Court of Civil Appeals of Texas. Austin.

March 6, 1935.

Rehearing Denied April 17, 1935.

White & Countess, of Belton, for appellant.

De Witt Bowmer, W. A. Shofner, and Byron Skelton, all of Temple, for appellees.

BLAIR, Justice.

Appellee Lillie Lewis, the sister and beneficiary of Albert Dabney, deceased, sued appellant upon its two policies of insurance, the first, issued June 1, 1925, for the face value of $177, and the second, issued January 10, 1927, for the face value of $240, each insuring the life of Albert Dabney. The trial to the court without a jury resulted in judgment for appellee for $417, with 12 per cent. statutory penalty, and $140 attorney's fees.

Appellant presents twelve propositions, neither of which is sustained. The liability on the policies turned upon the issue of whether they had a paid-up value of only $62.50, as contended by appellant, which amount it tendered into court; or whether the policies provided for extended insurance for the face value of the policies beyond the date of the death of Albert Dabney, as contended by appellee, and found by the trial court.

Appellee alleged, and her proof tended to show, that the two original policies were lost, and certificates were issued to the insured reciting that fact, giving their respective numbers; but no provisions of the policies were shown in the certificates. All premiums were paid on the policies until about June 22, 1931, when the insured ceased to pay the premiums due, and about this date the local agent of appellant took up the certificates and either sent them to appellant's district office at Waco, Tex., its home office being in Nashvile, Tenn., or wrote a letter giving a description of the certificates, for the purpose of ascertaining whether such policies provided for extended insurance; the amount and the date to which such insurance would be extended in consideration of the premiums already paid, or in consideration of the cash reserve value of the policies. The certificates were gone about a month from the possession of the insured. The local agent testified that if he sent the certificates along with his letter of inquiry concerning extended insurance, they were returned with a slip of paper attached to each certificate, giving him the following information: As to the first certificate, the notation, "three years, 282 days from June 22, 1931"; and as to the second certificate, the notation, "extended to October 11, 1934." The agent testified that it was his best recollection that he sent the certificates along with his letter of inquiry; but that if he did not, then the aforementioned information was furnished him on slips of paper sent by the district office at Waco, Tex., in answer to his inquiry as to whether the lost policies provided for extended insurance, and for what amount, and the period of extension; and that such information was obtainable from records kept in the district office at Waco. After the certificates were returned with this information, the agent wrote in ink on the first certificate the words and figures, "3 years, 282 days from 6/22/31"; and on the second certificate he wrote the words and figures, "Pd. to Oct. 11, 1934," and redelivered the certificates thus indorsed to the insured, and told him and appellee that the insured would not have to pay any more premiums on the policies until after said dates; and that the insurance for the face value of each policy was extended to said dates. Albert Dabney died February 9, 1933, before the expiration date of the extended insurance.

This evidence authorized the trial court to find and conclude that appellant interpreted its contracts of insurance as providing for extended insurance beyond the date of the death of the insured for the face value of the policies. Under this theory of liability appellant did not change the terms or provisions of the original policies, but merely interpreted them as providing for extended insurance to the dates mentioned on the slips returned by the district office with the certificates. The original policies were lost, and appellant alone knew their contents or provisions, and having interpreted them upon the inquiry of the insured as providing for extended insurance to the dates mentioned, and the insured having been informed of that interpretation, and having relied upon same, appellant should not be permitted to give a contrary interpretation of the policies after the death of the insured.

The judgment of the trial court will be affirmed.

Affirmed.